[No. 6253.]

## Tarbell v. Tarbell.

1.   **Amendment of Record — Discretion** — The action of the trial court in refusing an amendment of the record will not be reviewed where no abuse of the discretion which the law reposes in the court is apparent.—(72)

2.   **Pleading—Aider by Subsequent Pleading**—The denial in the answer of a general averment of fraud in the petition or complaint, cures the generality of such averment.—(72)

3.   **Appeals—Findings on Conflicting Evidence** are conclusive upon appeal.—(72)

*Error to Denver District Court*—Hon. George W. Allen, Judge.

Mr. Robert Collier, and Mr. T. Webster Hoyt, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Campbell delivered the opinion of the court:

In a divorce action the plaintiff, Mrs. Tarbell, obtained a decree dissolving the marriage relation, and an award of alimony for a fixed sum against her former husband.   Within five months after the decree was rendered in the district court, she filed her petition therein, asking for a modification of that

part of it which allowed alimony, upon the ground that the amount thereof was fixed by the court as the result of her own tacit agreement thereto, which was procured by the fraud and deceit of her husband. The husband appeared and filed an answer to the petition, and upon the issues joined the court found in her favor and modified the decree accordingly.

The defendant prosecutes this writ of error. His first grievance is that the court erred in refusing to amend its record to make it speak the truth. We cannot disturb the ruling. The trial court, upon a hearing with all the facts before it, denied the motion. Its discretion was not abused in making such order, and besides, the matter is not at all material.

Another objection is that the petition did not sufficiently allege facts showing fraud. However that may be, defendant in his answer treated the averment as sufficient, and if the statement in the complaint was too general, it is aided by the answer, which denies that he practiced any fraud or deceit upon her and that the amount of the alimony as fixed by the original decree was fraudulently procured by him. So that the allegation of fraud in the complaint, if not sufficiently specific, was cured by the answer.

The evidence before the court on the question of fraud was sufficient to justify its findings in that behalf, and warranted the judgment, which was entered upon the findings, modifying the decree. As we understand the record, none of the other questions raised and argued are at this time of any importance whatever. As no prejudicial error was committed by the trial court, its judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and MR. JUSTICE MUSSER concur.